ORIGINAL

# In the United States Court of Federal Claims

No. 15-29C
(Filed: January 27, 2015)
Not for Publication

**FILED**
JAN 27 2015
U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| MICHAEL CHENOWETH, ) | |
| ) | |
| *Pro Se* Plaintiff, ) | Pro se plaintiff, lack of subject matter jurisdiction, sua sponte dismissal |
| ) | |
| v. ) | |
| ) | |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

**ORDER DISMISSING COMPLAINT FOR LACK OF JURISDICTION**

The court is in receipt of the complaint of plaintiff Michael Chenoweth, filed January 12, 2015, against defendant United States.[1] Plaintiff asks this court for a judgment against the United States for "$500,000,000+ and additional rights and protections." For the reasons below, this court lacks subject matter jurisdiction over this case and therefore it must be **DISMISSED**.

In his complaint, plaintiff alleges that "Maui Chemical" has committed and continues to commit a number of crimes and torts against him, including harassment, retaliation, torture, and genocide. Plaintiff appears to be referring to his former employer, Maui Chemical and Paper Products, Inc. ("Maui Chemical"). In 2007,

---

[1] Along with the complaint, plaintiff filed an application to proceed in forma pauperis status. The application is **GRANTED** for the sole purpose of ruling on this motion.

plaintiff filed a pro se lawsuit against Maui Chemical in the United States District Court for the District of Hawai'i, alleging, among other things, discrimination, retaliation, violations of the Americans with Disabilities Act, and defamation. See Chenoweth v. Maui Chem. & Paper Products, Inc., No. 07-cv-00092, 2008 WL 4107906 (D. Haw. Sept. 3, 2008). The court granted summary judgment in favor of Maui Chemicals, see id., a decision that was later affirmed in the Ninth Circuit, see Chenoweth v. Maui Chem. & Paper Products, Inc., 357 F. App'x 875 (9th Cir. 2009). According to plaintiff, the United States has committed a violation of his civil rights and is "fully responsible for all crimes committed by Maui Chemical and agents of Maui Chemical" because the federal courts dismissed plaintiff's case against Maui Chemical. Compl. ¶ 2.

Under Rule 12(h)(3) of the Rules of the United States Court of Federal Claims, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Moreover, "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) (quoting United States v. Cotton, 535 U.S. 625, 630 (2002)). When reviewing a complaint filed by a pro se plaintiff, courts must grant the plaintiff a liberal construction of the pleadings and hold the plaintiff to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Even so, pro se plaintiffs are still required to meet the court's jurisdictional requirements. Barksdale v. United States, 582 F. App'x. 890, 892 (Fed. Cir. 2014) (citing Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991)).

The subject matter jurisdiction of this court is limited to claims against the United States. See United States v. Sherwood, 312 U.S. 584, 588 (1941) ("[The Court of Federal Claims'] jurisdiction is confined to the rendition of money judgments in suits brought for that relief against the United States, . . . and if the relief sought is against others than the United States, the suit as to them must be ignored as beyond the jurisdiction of the court.") (citations omitted); Brown v. United States, 105 F.3d 621, 624 (Fed. Cir. 1997); Smith v. United States, 99 Fed. Cl. 581, 583-84 (2011) (citing Moore v. Pub. Defender's Office, 76 Fed. Cl. 617, 620 (2007)). Plaintiff argues that the United States is liable for his current condition because federal courts dismissed his case against his former employer. However, this court does not have jurisdiction to hear complaints challenging the actions of other federal courts, judges, or their employees. Cycenas v. United States, 494 F. App'x. 110, 112 (Fed. Cir. 2012) (noting that "the Court of Federal Claims does not have jurisdiction to review the decisions of district courts or the clerks of district courts relating to proceedings before those courts." (quoting Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir. 1994))). In addition, this court does not have jurisdiction over defendant's claimed civil rights violations. See Ganaway v. United States, 557 F. App'x 948, 949 (Fed. Cir. 2014) (citing LeBlanc v. United States, 50 F.3d 1025, 2028 (Fed. Cir. 1995)). Therefore, because this court lacks jurisdiction over plaintiff's claims, the case must be **DISMISSED**. The clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

NANCY B. FIRESTONE
Judge

3